**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

# ORDER AND NOTICE

The Parties' settlement agreement, more specifically MSA I, contemplates that Eligible Claimants will be paid their settlement awards on a First-In, First-Out ("FIFO") basis. *See* MSA I §§ 10.2.1, 10.2.2, ECF No. 3809-1. In simple terms, this means that Eligible Claimants who accurately complete and sign their registration forms, including the legal release of 3M from all CAEv2 claims, earliest in the registration period will receive their payments before Claimants who fully register later. However, there are some caveats to the FIFO rules, particularly for those Claimants with liens or other legal impediments to early payment.

As a result, on January 8, 2024, BrownGreer entered a Notice on the Settlement Program website, https://3m-earplugsettlement.com, outlining the FIFO procedure ("FIFO Notice").[1] BrownGreer and the Settlement Allocation Master developed the procedure, which was then approved by the undersigned. The FIFO

[1] This Notice will also be posted on this Court's public website for the MDL, https://www.flnd.uscourts.gov/3m-products-liability-litigation-mdl-no-2885.

Notice is attached as Exhibit A. Primary Counsel are hereby directed to advise their clients of the FIFO procedure and to direct them to the FIFO Notice entered on the Settlement Program website. Eligible Claimants are encouraged to review the FIFO Notice. The Clerk is directed to enter this Order on the MDL docket and on all Eligible Claimants' individual dockets.

**SO ORDERED**, on this 9th day of January, 2024.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

# COMBAT ARMS EARPLUGS SETTLEMENT PROGRAM

| ALERT FROM THE SETTLEMENT ADMINISTRATOR | | | |
|---|---|---|---|
| SUBJECT: | ANNOUNCEMENT OF FIFO PROCEDURE AND FIRST PAYMENTS TO EXPEDITED PAY PROGRAM FAST TRACK CLAIMANTS | | |
| DATE: | JANUARY 8, 2024 | ALERT NUMBER | 24-0001 |

The MSA-I Combat Arms Settlement Agreement and the Settlement Allocation Methodology requires payments to MSA I Claimants who elected to participate in the Expedited Pay Program ("EPP") to be on a First In, First Out ("FIFO") basis. The Settlement Administrator and Allocation Special Master have prepared the attached FIFO Procedure so Claimants and Primary Counsel can review the FIFO methodology and understand how it will be applied.

The FIFO (Procedure No. PT-0001) is available on the current Settlement Program website at 3m-earplugsettlement.com) under the Important Updates page. It and all future Procedures governing the administration of the Settlement Program will be available on the official website and on the homepage of the secure Portals for both Primary Counsel and unrepresented Claimants. We anticipate launching our Portals the week of January 15, 2024, and will send out instructions on how to access and use them. Each EPP Claimant's FIFO rank will be displayed on the Portal and Primary Counsel also will have a report identifying their EPP clients' FIFO rankings.

The Settlement Program will receive settlement funds from the Defendants on a periodic basis over the next six years as prescribed by the Settlement Agreement. The Defendants made the first $250 million deposit on December 26, 2023. We assign Settlement Awards to EPP Claimants in the order of their FIFO ranking and will pay as many as possible from the initial $250 million deposit.

We anticipate making initial EPP Settlement Award payments in mid-February 2024, and estimate that about 20,000 Claimants can be paid from the initial $250 million in the QSF Fund.

You should read the entire FIFO Procedure. Here is a summary of its essential terms:

1. *How is the FIFO rank determined?* This is based upon the date of signature on the first Registration Form submitted by the Claimant.

2. *Can a Claimant lose their place in the FIFO ranking and be assigned a new one?* Yes, but only if the Claimant "reopened" their Registration Form in the Registration process, which will cause the Claimant to be assigned a new FIFO rank based on the signature date of the Registration Form submitted after the reopening. Other changes in the Registration Form do not affect FIFO ranking.

3. *What if the EPP Claimant cannot be paid in full when reached in the FIFO order? What happens to the Claimant's unpaid share?* The Procedure lists the "Payment Impediments" that can prevent the EPP Award from being paid in full when payments are first issued. That unpaid amount (the Procedure calls it the Claimant's "FIFO Priority Amount") will be held in the QSF Account until the Impediment is cleared up and the withheld amount

can be paid. If the Impediment is something the Claimant can cure but has not done so within 180 days after notice from us to do so, the withheld FIFO Priority Amount will be reassigned to the next unpaid EPP Claimant in the FIFO order, if the MDL Court approves of that action at the time.

4. *Is anything other than EPP payments affected by FIFO?* Yes, the $1,000 DPP Registration Payment, which we hope to pay by the end of 2024, is to be paid in FIFO order, but that will matter only if the QSF Fund does not have sufficient funds to pay all the Registration Payments at the time, and we think it will. DPP and MSA III Wave Cases payments are not subject to a FIFO order in the MSAs.

| SETTLEMENT ADMINISTRATOR PROCEDURE | | | |
|---|---|---|---|
| PROCEDURE NUMBER | PT-0001 | Adopted | 1/8/24 |
| | | Amended | |
| SUBJECT | First In, First Out (FIFO) for Certain Payments | | |

**A. PURPOSE.**

This Procedure implements the terms of MSA I and the MSA I Allocation Methodology concerning payment of EPP Awards (referred to in the MSA I Allocation Methodology as the Minimum Guaranteed Gross Payment or "MGGP") and DPP Registration Payments on a First In, First Out ("FIFO") basis.

1. **MSA I EPP Claimants:**

   (a) **MSA I Section 10.2.1:** Registered Claimants who elect to participate in the Expedited Payment Program shall be entitled to full payment on a first-in first-out basis, subject to the availability of funds in the QSF to effectuate payment to Registered Claimants.

   (b) **Allocation Methodology for MSA I: Timing of Minimum Guaranteed Payments.** Expedited Pay Program Claimants will be paid their Minimum Guaranteed Gross Payment or MGGP on a "First-in First-out" basis, meaning that Claimants who fully and accurately complete the registration process the earliest in the registration period will be paid before claims received later in the registration period. The Settlement Administrator will track the receipt of Expedited Pay Settlement Program Claimants' required documents – the Registration Form, the Release, and the Stipulated Order of Dismissal (collectively the "Settlement Program Documents") –and assign a rank to each Claimant who submits Settlement Program Documents that have no deficiencies. Claims with no deficiencies received earlier will have a higher "rank" than claims received later. Claimants who submit Settlement Program Documents that have a deficiency (e.g., a missing signature) will not receive a rank until the deficiencies are corrected. . . .As funds become available per the Funding Schedule, Claimants will be paid based on their rank.

2. **MSA I DPP Registration Payment:**

   (a) **MSA I Section 10.2.2:** Registered Claimants who elect to participate in the Deferred Payment Option shall be entitled to a Registration Payment on a first-in first-out basis, subject to the availability of funds in the QSF to effectuate payment to Registered Claimants. Upon such time as the funds are available in the QSF and Defendants' Walkaway Rights have expired, then the Deferred Payment Program payment, in

addition to the Registration Payment, shall be made from the QSF pursuant to the Settlement Allocation Master's allocation methodology.

(b) **Allocation Methodology for MSA I: Registration Payment.** All Claimants electing to participate in the Deferred Pay Full Evaluation Program will be paid an initial Registration Payment of $1,000 (gross) before December 31, 2024.

(c) **DPP Point Award Settlement Amounts:** The MSA I and the MSA III Allocation Methodologies do not impose a FIFO ranking requirement for payment of Point Award Settlement Amounts. We anticipate that all the EPP registrants can be paid out of the funding by Defendants through April 2025, as that would be around $3.26B in available funds. Each time Defendants deposit into the QSF thereafter, we will determine a Point Dollar Value available to pay DPP claimants ready to pay at that time, as follows:

(1) Point Dollar Value Calculation Date One: October 1, 2025

(2) Point Dollar Value Calculation Date Two: October 1, 2026

(3) Point Dollar Value Calculation Date Three: October 1, 2027

(4) Point Dollar Value Calculation Date Four: October 1, 2028

(5) Point Dollar Value Calculation Date Five: October 1, 2029

3. **MSA III Wave Cases:** MSA III and the MSA III Allocation Methodology do not impose a FIFO ranking requirement for any payments to Wave Case Claimants.

## B. <u>PROCESS FOR EPP AWARD PAYMENTS ON A FIFO BASIS</u>

1. **EPP Population:** Identify in the Registration Data all Participating Eligible Claimants (ECs) who elected the EPP and ensure this data is current (as some ECs switched from an EPP election to a DPP election after submission of the EC's Registration Form).

2. **Benchmark Measure of Initial FIFO Ranking:** The EC's FIFO ranking will be assigned by the date of signature on the first uploaded Registration Form from the EC, which is the "Initial Reg Form Signed" date shown in the Registration Data. Because the Registration Form and Release were one document in the Registration process, the Registration Form date and the Release date are the same in the Registration Data. In this vernacular, a "lower" FIFO rank means the EC is ahead in the FIFO order, while a "higher" FIFO ranking means the EC comes later in the FIFO order.

3. **Tiebreaker Rules of Decision:**

(a) For Registration Forms with the Same Initial Reg Form Signed date, the EC's FIFO ranking will be determined by the time of day CT the Registration Form was signed, as shown in the Registration Data.

(b) For Registration Forms with the Same Initial Reg Form Signed date and identical time of day CT in the Registration Data, the FIFO ranking of the affected ECs will be assigned randomly.

4. **The Initial FIFO Rank is Permanent:** If, after that first submission, the Registration Form/Release/Stip of Dismissal/Lien Form is changed or has to be done over for any reason, a later submitted document does not alter the EC's FIFO ranking, which continues to relate back to the date of the first submitted Registration Form. Deficiencies and later clean-up on any of these elements of the Registration Package may affect when the EC is paid, but do not cause the EC to lose their place in the FIFO order. However, an EPP EC who reopened their Registration Form in the CaseLocker system for any purpose after the two-week "reflection window" permitted in the Initial Registration process (including a reopening to pursue Supplementation of the EPP claim) is assigned a new FIFO ranking based upon the date and time of signature of the reopened Registration Form.

5. **Assign Available Funds by FIFO Rank:** The FIFO ranking is material at any time that the total funds available in the QSF for payment to ECs are not sufficient to pay all the ECs who elected the EPP. To distribute the available funds in accordance with FIFO, an MGGP will be assigned to each EPP ECS according to their EPP Award Level. This step assigns a gross Settlement Award amount to each EPP in the FIFO line out of the available funds in the QSF.

6. **General Rule for FIFO Payments:** EPP ECs are paid their Settlement Awards in the order in which they appear in the FIFO ranking, such that those with a lower FIFO ranking are paid ahead of those with a higher FIFO ranking, using all available funds in the QSF.

7. **Payment Impediments:** To avoid payments coming to a complete stop when we reach an EC in the FIFO ranking who cannot be paid in full or in part because of some issue affecting entitlement to payment that has not yet been cleared up, these events or statuses (each a "Payment Impediment") permit the Settlement Program to bypass the EC with such a Payment Impediment (temporarily holding back their allocated amount) to pay those ECs next in the FIFO ranking:

   **(a) Supplementation:** The EC pursued EPP Supplementation and EPP Award Level is not final. In this situation, the EC's FIFO Priority Amount as defined below will be the EPP Award Level first announced to the EC until the determination on the EPP Supplementation becomes final, after which the EC's FIFO Priority Amount will be based upon that final determination amount.

   **(b) Reconsideration:** EC requested Reconsideration and EPP Award Level is not final.

   **(c) Release:** Release not yet accepted by Defendants.

   **(d) LOC:** LOC Claim pursued and no spouse signature on Derivative page of Release.

   **(e) Third-Party Funding:** Third-Party Funder issue reported in CMO 61 Declaration not yet resolved (CMO 61 requires withholding the Award).

   **(f) 50% Rule:** Violation of 50% Rule (EC to receive less than 50% of Final Settlement Award after deduction of 9% Common Benefit Fund, because of attorney's fees and

costs from CAE Counsel, regardless of other deductions for Liens or other matters) and not yet resolved,

(g) **Law Firm Ledgering:** Primary Counsel has not provided the attorney's fees and costs chargeable to the EC (unless the Primary Counsel has opted out of the Settlement Administrator Ledgering process).

(h) **Closing Statement:** The EC has not signed and returned the applicable Notice to confirm agreement on fees and costs deducted (unless the Primary Counsel has opted out of the Settlement Administrator Ledgering process).

(i) **Payment Election:** The EC has not made a payment method election or information from the EC to effect the method elected is missing (unless the Primary Counsel has opted out of the Settlement Administrator Ledgering process).

(j) **Alternative Arrangements:** The EC has requested payment into a structure or special needs trust and arrangements not concluded.

(k) **Deceased EC:** The Settlement Administrator is aware that the EC is deceased and the Personal Representative has not submitted proof or representative capacity required by the Settlement Program.

(l) **Incapacitated EC:** The Settlement Administrator is aware that the EC is mentally incapacitated and the Personal Representative has not submitted proof or representative capacity required by the Settlement Program.

(m) **Bankruptcy Issue:** The EC has disclosed to the Settlement Administrator that they are seeking bankruptcy protection in a currently pending proceeding and has not provided the Settlement Administrator with sufficient proof of the resolution of any issues arising from the bankruptcy.

(n) **Healthcare Liens:** A lien is possible against the EC and Lien amount has not been finalized and no appropriate reserve percentage has been adopted.

(o) **Non-Healthcare Lien**: A lien of some other type has been asserted against the EC and Lien amount has not been finalized and no appropriate reserve percentage has been adopted.

(p) **Other:** Any other matter directed by the MDL Court or the Settlement Administrator preventing full payment to the EC at the time.

8. **The FIFO Priority Amount:** A Payment Impediment will cause payment of the Final Settlement Award to the affected EC to be bypassed either in full (no amount can be paid to the EC at the time) or in part (some amount can be paid to the EC but the residual is held back as reserve for an unquantified Lien or other Payment Impediment). That unpaid amount is that EC's "FIFO Priority Amount."

9. **Disposition of an EC's FIFO Priority Amount:**

(a) **General Rule for FIFO Priority Amounts:** The Settlement Program will retain the EC's FIFO Priority Amount in the Settlement Fund, rather than distributing those

dollars to other ECs next in the FIFO ranking. Such FIFO Priority Amount will be paid to the EC (without interest) as appropriate upon the resolution of the Payment Impediment(s) that prevented full payment.

(b) **Exception to the General Rule for FIFO Priority Amounts:** In any instance in which the Payment Impediment is the result of a matter that could be remedied by action by the EC (or the EC's Primary Counsel) and the EC (or Primary Counsel) has failed to take the action necessary to remedy the matter within 180 days after notice of the deadline for doing so set by the MDL Court or the Settlement Administrator, subject to approval by the MDL Court, the EC's FIFO Priority Amount will be released for payment to other ECs in accordance with their FIFO ranking. The EC will retain the right to be paid the EC's former FIFO Priority Amount (without interest) when there are funds available in the QSF to permit payments, in accordance with the EC's FIFO ranking compared to all other ECs not paid by that time, if: (1) the EC's Payment Impediment(s) have been remedied by such time; and (2) the EC's right to further payment has not been extinguished by order of the MDL Court or by the Settlement Administrator as a result of failure by the EC or the EC"s Primary Counsel to take actions necessary to remedy the Payment Impediment, after due notice of the action(s) needed.

## C. PROCESS FOR DPP REGISTRATION PAYMENTS ON A FIFO BASIS

1. **DPP Population:** Identify in the Registration Data all ECs who elected the DPP and ensure this data is current (as some ECs switched from an EPP election to a DPP election after submission of the EC's Registration Form).

2. **Benchmark Measure of FIFO Ranking:** Mark the EC's FIFO ranking by the date of signature on the first uploaded Registration Form from the EC, as shown in the Registration Data, in the same manner applicable to EPP ECs.

3. **The Initial FIFO Rank is Permanent:** If, after that first submission, the Registration Form/Release/Stip of Dismissal/Lien Form is changed or has to be done over for any reason, a later submitted document does not alter the EC's FIFO ranking, which continues to relate back to the date of the first submitted Registration Form, in the same manner applicable to EPP ECs.

4. **Payment of DPP Registration Payments:** While Section 10.2.2 of MSA I provides that "Registered Claimants who elect to participate in the Deferred Payment Option shall be entitled to a Registration Payment on a first-in first-out basis," we expect when the QSF has funds are available to issue Registration Payments, there will be sufficient funds to pay the Registration Fee to all ECs who elected the DPP. However, if at any time the available funds are not sufficient to pay all Registration Fees then due, the Settlement Administrator will issue payment of $1,000 to DPP ECs in accordance with their FIFO ranking.

5. **Nature of the Registration Payment:** The Registration Payment will be considered a DPP sign-up payment and not as an advance on a future DPP Award that would be deducted from a future DPP Award.